## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### Richmond Division

DEBORAH KOGER,

      Plaintiff,

v.                                      Civil Action No. 3:09cv90

C.T. WOODY, in his official capacity
as Sheriff, City of Richmond, Virginia,

      Defendant.

### MEMORANDUM OPINION

Before the Court is Defendant C.T. Woody's Motion to Dismiss Certain Allegations in

the Second Amended Complaint. (Docket No. 22.) Plaintiff has responded (Docket No. 25),

and Defendant filed a brief in rebuttal (Docket No. 26). The matter is ripe for adjudication.

Neither party seeks oral argument. The Court has determined that the parties have adequately

presented the facts and legal contentions on the record such that oral argument would not aid the

decisional process. E.D. Va. Local Civ. R. 7(J). The Court exercises jurisdiction pursuant to

28 U.S.C. §§ 1331, 1343(a)(3)-(4), and 636(c).

### I. Procedural and Factual Background

Plaintiff filed her original Complaint on February 17, 2009. On June 22, 2009, upon the

consent of the parties, the Honorable Robert E. Payne referred the case to the undersigned

Magistrate Judge. On June 29, 2009, in accordance with Judge Payne's Memorandum Opinion

and Order granting in part and denying in part Defendant's motion to dismiss (Docket Nos. 16,

17), Plaintiff filed her Second Amended Complaint (Docket No. 20).

Plaintiff Deborah Koger, a Caucasian woman, formerly served as a Sheriff's Deputy in the City of Richmond Sheriff's Department. (2d Am. Compl. ¶ 1.) She brings a single cause of action under Title VII of the Civil Rights Act, 42 U.S.C. § 2000 *et seq.*, alleging that she suffered numerous instances of retaliation by the Sheriff's Department for being willing to testify on behalf of the plaintiffs in *Garrett v. Woody*, 3:07cv286 (E.D. Va. Aug. 1, 2008), a Title VII action against Sheriff Woody. (2d Am. Compl. ¶ 111.) Plaintiff also contends that the retaliation stemmed from her workplace support of one of the plaintiffs in that case, Eric Aycock. (2d Am. Compl. ¶ 111.) The facts underlying the allegations in her Complaint are fully discussed in Judge Payne's June 22, 2009 Memorandum Opinion. The Court will not repeat that discussion here.

Defendant moves to dismiss paragraphs 100–109 from the Second Amended Complaint. Those paragraphs allege facts supporting Plaintiff's claim, raised for the first time in the Second Amended Complaint, that Sheriff Woody engaged in retaliatory conduct against her by "denying and repeatedly appealing, for no meritorious reason, her right to Unemployment Compensation benefits." (2d Am. Compl. ¶ 111.) Those paragraphs state:

100. On May 16, 2008 [the day following her dismissal from the Sheriff's Department], Plaintiff filed for Unemployment Compensation.

101. On June 10, 2008, due to allegations by Defendant that Plaintiff had abused her sick leave, the Virginia Employment Commission ("VEC"), by letter, denied her application for compensation.

102. In fact, Plaintiff had proof that she had not abused her sick leave time, and had followed all of the Department's policies and procedures with regarding to absences [sic].

2

102.[1]  On June 9, 2008, the VEC held a fact finding interview regarding Plaintiff's disqualification, at which time, based solely on Defendant's allegations that Plaintiff had abused her sick leave time, it ruled for Defendant.

103.  On July 1, 2008, Plaintiff filed her appeal with the VEC on the basis that she had not abused her sick leave time. Plaintiff submitted notes from her physicians and other documents indicating that her absences clearly did not violate Departmental policy.

104.  On September 10, 2008, the VEC Hearing Appeals Examiner heard testimony on Plaintiff's appeal. The VEC ultimately ruled that there was no basis for Defendant's allegation that she had abused her sick leave. Defendant appealed the VEC's ruling[.]

105.  On October 20, 2008, the VEC Hearing Appeals Examiner heard Defendant's appeal.

106.  On October 21, 2008, finding that Defendant had produced no new evidence in support of its position, the VEC upheld Plaintiff's right to Unemployment Compensation benefits.

107.  On November 19, 2008, Defendant filed a second appeal of the VEC's decision.

108.  On February 13, 2009, again finding that Defendant had produced no new evidence to support that Plaintiff had abused her sick leave, the VEC ruled in favor of Plaintiff.

109.  On March 12, 2009, having no new allegations of facts, Defendant filed a frivolous Petition for Judicial Review of the VEC's decision.

(2d Am. Compl. ¶¶ 100-109.)

Defendant moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss this aspect of Plaintiff's retaliation claim, noting that "no court in the Fourth Circuit has addressed the issue raised by Sheriff Woody in this case: whether contesting a former employee's claim for unemployment benefits is actionable discrimination under Title VII." (Def.'s Br. Supp. Mot. Dismiss Certain Allegations in the Second Am. Compl. ("Def.'s Br. Supp. Mot. Dismiss") 2.)

---

[1] Plaintiff numbered two consecutive paragraphs 102.

3

## II. Standard of Review

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (*citing* 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). In *Bell Atlantic Corp.*, the Supreme Court noted that the complaint need not assert "detailed factual allegations," but must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* (citation omitted), to one that is "plausible on its face," *id.* at 570, rather than "conceivable." *Id.* In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)).

4

A court determines plausibility by undertaking a "context-specific task" drawing on "judicial experience and common sense." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). In doing so, a court may evaluate which allegations are "entitled to the assumption of truth" because they are supported by factual allegations, and which allegations should be treated as legal conclusions. *Id.* at 1950. Only after distinguishing the well-pleaded facts from legal conclusions may a court determine which factual allegations support a "plausible claim for relief." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949.

Plaintiff sets forth a single claim of retaliation, supported by alternative statements of that claim pertaining to separate instances of alleged retaliatory incidents. (*See* June 22, 2009 Mem. Op. 16.) (Docket No. 16.) Federal Rule of Civil Procedure 8(d)(2) permits a party to "set out 2 or more statements of a claim . . . , either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient." Fed. R. Civ. P. 8(d)(2).

### III. Analysis

The conduct described in paragraphs 100–109 of the Second Amended Complaint occurred after the termination of Plaintiff's employment with the Sheriff's Department. Defendant does not dispute that the term "employee" as used in section 704 of Title VII of the

5

Civil Rights Act, 42 U.S.C. § 2000e-3(a),[2] extends to former employees.  (Def.'s Br. Supp. Mot.

Dismiss 2 (*citing Robinson v. Shell Oil Co.*, 519 U.S. 337 (1997).)

　　　　Plaintiff alleges that Defendant's opposition to her application for unemployment

compensation flows from a pretextual claim that she abused sick leave.  Plaintiff contends that

the substance of the allegations in paragraphs 100–109 evince "an ongoing and malicious pattern

and practice of retaliation, beginning when Plaintiff was repeatedly disciplined, interrogated, and

then fired for agreeing to testify in support of Plaintiffs in the <u>Garrett, et. al. v. C.T. Woody</u>

litigation," beginning prior to her termination.  (Pl.'s Resp. to Def.'s Mot. Dismiss 2 ("Plaintiff

will prove that Defendant's actions in repeatedly denying and appealing Plaintiff's application

for Unemployment Compensation ("UC") benefits is part and parcel of his unjustifiable and pre-

textual termination of her for 'excess sick leave.'"); *see also* 2d Am. Compl. ¶¶ 74-75, 83-87, 91.

　　　　Defendant construes the permissible scope of retaliation claims too narrowly in moving

the Court to dismiss these allegations at this stage.  The Supreme Court has held that:

> The anti-retaliation provision [of Title VII] protects an individual not from all
> retaliation, but from retaliation that produces an injury or harm. . . . [A] plaintiff
> must show that a reasonable employee would have found the challenged action
> materially adverse, "which in this context means it well might have dissuaded a
> reasonable worker from making or supporting a charge of discrimination."

---

[2] The statutory provision of Title VII providing a cause of action for retaliation states:

> It shall be an unlawful employment practice for an employer to discriminate
> against any of his employees . . . because he has opposed any practice made an
> unlawful employment practice by this subchapter, or because he has made a
> charge, testified, assisted, or participated in any manner in an investigation,
> proceeding, or hearing under this subchapter.

42 U.S.C. § 2000e-3(a).

*Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67-68 (2006) (*quoting Rochon v. Gonzales*, 438 F.3d 1211, 1219 (D.C. Cir. 2006) (internal quotation omitted)).

Here, Plaintiff has alleged that Defendant frivolously denied and appealed her application for UC benefits following her termination. Plaintiff rests her claim of retaliation on Defendant's opposition to unemployment benefits, which he based on what she characterizes as a false claim that she abused sick leave. It is plausible that a former employer's false challenge to a former employee's unemployment compensation benefits could objectively "'dissuad[e] a reasonable worker from making or supporting a charge of discrimination.'" *Id.* (*quoting Rochon*, 438 F.3d at 1219); *cf. id.* at 72-73.

While Defendant cites cases in which courts have found that an employer's opposition to unemployment compensation does *not* support a claim for retaliation, these cases do not persuade here. *See Roman v. Cornell Univ.*, 53 F. Supp. 2d 223, 245 (N.D.N.Y. 1999) (holding that a retaliation based on opposing plaintiff's application for unemployment benefits could not survive a motion for summary judgment because it was "not an adverse employment action"); *Baker v. Summit Unlimited, Inc.*, 855 F. Supp. 375 (N.D. Ga. 1994) (granting summary judgment for defendant because it had a right to defend the unemployment action after plaintiff pursued benefits).

First, these two courts dismissed the retaliation claims on motions for summary judgment, relying on a far more developed record than that currently before this Court. Second, these cases predate *Burlington v. White*. Indeed, *Roman* applies a standard expressly rejected by the Supreme Court in *Burlington v. White. See Roman*, 53 F. Supp. 2d at 244-45 (applying adverse employment action evaluation for substantive discrimination claims to plaintiff's retaliation

7

claim); *cf. Burlington*, 548 U.S. at 67 ("The scope of the anti-retaliation provision extends beyond workplace-related or employment-related retaliatory acts and harm. We therefore reject the standards applied in the Courts of Appeals that have treated the anti-retaliation provision as forbidding the same conduct prohibited by the anti-discrimination provision. . . .").

This Court finds that paragraphs 100–109 of the Second Amended Complaint, in conjunction with the other allegations in the Second Amended Complaint, state a plausible claim for retaliation. At least one court, albeit with a paucity of contextual explanation, has suggested that an employer's opposition to unemployment benefits based on false information constitutes an actionable claim of retaliation. *Steele v. Schafer*, 535 F.3d 689, 696 (D.C. Cir. 2008) (noting in *dicta* that plaintiff's claim that employer retaliated by falsely contesting plaintiff's unemployment benefits "involve[d] conduct that . . . the Supreme Court has already indicated can support a retaliation claim" in *Burlington v. White*).[3]

Given the scope of retaliation claims that the Supreme Court articulated in *Burlington v. White*, Plaintiff has met her burden of pleading a retaliation claim sufficiently to survive a motion to dismiss. Each party shall have the opportunity to conduct discovery to support the claims and defenses as to these allegations via continued litigation.

---

[3] In making this finding, the *Steele* court noted that the Supreme Court in *Burlington v. White* cited "with approval the Tenth Circuit's finding of 'actionable retaliation where [an] employer filed false criminal charges against [a] former employee who complained about discrimination.' 548 U.S. at 64, 126 S. Ct. 2405 (citing *Berry v. Stevinson Chevrolet*, 74 F. 3d 980, 984 (10th Cir. 1996))." *Steele*, 535 F.3d at 696 (alterations in original). The *Steele* court did not explain the factual or legal similarities between the false reports to the D.C. Office of Unemployment Compensation it reviewed and the filing of false criminal charges at issue in *Berry*.

## IV.  Conclusion

For the foregoing reasons, the Court shall DENY Defendant's Motion to Dismiss Certain

Allegations in the Second Amended Complaint.  (Docket No. 22.)

An appropriate Order shall issue.

                                      /s/

                               M. Hannah Lauck

                        United States Magistrate Judge

Richmond, Virginia

Date: 8-28-09

9